D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**BRYCE MOTTRAM,**

       **Plaintiff,**

       v.

**SCHMITT INDUSTRIES, INC. d/b/a/
AMPLE HILLS CREAMERY and
MICHAEL ZAPATA,**

       **Defendants.**
-------------------------------------------------------x

**CASE NO.:**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Bryce Mottram alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff Bryce Mottram brings this action against Defendant alleging discrimination claims under New York Labor Law ("NYLL") § 740, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107(1) *et seq.* ("NYCHRL"),

2. This Court has original federal diversity jurisdiction under 28 U.S.C. § 1332 because this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen and resident of New York. Defendant Schmitt Industries, Inc. is a corporation incorporated and headquartered in Oregon. Defendant Michael Zapata is an individual residing in California.

3. Venue is proper in this District because Defendant conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. Defendant Schmitt Industries, Inc. is a publicly traded manufacturing corporation based in Oregon, NY. In mid-2020, it purchased Ample Hills Creamery ("Ample Hills"), an ice cream company with a chain of stores in New York.

5. Defendant Michael Zapata is Chief Executive Officer of Schmitt Industries, Inc. In that capacity, he is actively involved in the management of Ample Hills. He is involved in day-to-day decisions, such as employees' work schedules during the COVID-19 pandemic, hiring and firing decisions, and employee discipline.

6. During Plaintiff's employment, Defendant Zapata visited the store where Plaintiff worked and other Ample Hill locations in his capacity as CEO of Schmitt Industries.

7. Plaintiff Bryce Mottram was employed by Defendants from August 2019 to December 28, 2020. For most of his employment, including at the time of his termination, he was the General Manager of the Astoria Ample Hills location.

## FACTS

8. Plaintiff began working for Ample Hills Creamery as General Manager of Ample Hills's Times Square location in August 2019. Shortly after his employment commenced, Plaintiff was moved to the Astoria location.

9. Until March 2020, Ample Hills Creamery was not owned by Defendants.

10. In March 2020, Ample Hills Creamery stores closed due to the COVID-19 pandemic and the bankruptcy filing of the parent company.

11. Ample Hills was purchased by Defendant Schmitt Industries out of bankruptcy, and Plaintiff's Astoria store reopened in July 2020.

12. At that time, Plaintiff's boss became Jacoppo Butti, Director of Retail Operations for Ample Hills.

13. In or about late October 2020, Mr. Butti visited Plaintiff's location. During that time, Mr. Butti, while talking with Plaintiff, caressed Plaintiff's stomach for 10-15 seconds, making Plaintiff very uncomfortable.

14. On October 26, 2020, an employee at Plaintiff's location tested positive for COVID-19. The employee had been to work the day before, October 25, 2020.

15. As a result of the exposure to COVID-19, the Astoria store was forced to close.

16. However, Defendant Zapata insisted that the store re-open October 29. Defendant Zapata threatened that any employees who did not return to work would be found to be "no call no show" employees and that there might be consequences.

17. Plaintiff protested this illegal and dangerous behavior directly to Defendant Zapata, as many store employees had been exposed to the infected employee on October 25 and were required to quarantine for 1-14 days.

18. Defendant Zapata ultimately agreed to leave the store closed until November 8, 2020.

19. On November 25, 2020, another store employee tested positive for COVID-19. She had been in the store the day before.

20. Once again, Defendant Zapata wanted employees to return to work before the end of the quarantine period. Plaintiff again objected to this.

21. Ultimately, the store remained closed until December 5, 2020.

22. Around that time, Defendant Zapata made it known that he was traveling from California to New York and would be visiting the Ample Hill stores and the ice cream factory.

23. Under New York's COVID rules, as a traveler from California Defendant Zapata was required to quarantine upon his arrival in New York. Nonetheless, Defendant Zapata intended to visit the Ample Hill stores well before the expiration of the mandatory quarantine period.

24. In addition, Mr. Butti often visited Plaintiff's store without following proper Covid-19 protocols with respect to masks and protective gear.

25. In or about mid-December 2020, Mr. Butti again visited the store and inappropriately touched another male employee on the shoulder during a conversation. The employee complained to Plaintiff and told Plaintiff that Mr. Butti made him feel uncomfortable.

26. Shortly thereafter, on December 22, 2020, Plaintiff wrote an email to Schmitt Industries' human resources department and to Defendant Zapata complaining about Defendants' unsafe and illegal COVID-19 practices and about Mr. Butti's inappropriate touching of Plaintiff and the other employee.

27. Plaintiff also spoke with Mr. Zapata that day on the telephone about his concerns.

28. On December 28, 2020, Defendant Zapata called Plaintiff and informed him that Defendants were terminating Plaintiff's employment because Plaintiff was not a good "cultural fit."

29. Defendants' proffered reason for terminating Plaintiff was plainly false and pretextual.

30. To be sure, Plaintiff was an excellent General Manager, and the store performed well under his management. In fact, as recently as December 14, 2020, Mr. Butti told Plaintiff that he would push for a raise for Plaintiff. Specifically, Mr. Butti sent Plaintiff a text message

saying: "Trust me we appreciate all your hard work and want to make this [the raise] happen because it is deserved."

31.     In fact, Plaintiff's termination was retaliation for his complaints about Mr. Butti and about Defendants' illegal failure to adhere to COVID-19 protocols.

32.     As a result of Defendants' unlawful conduct, Plaintiff has suffered damages, including economic loss and emotional distress.

## FIRST CLAIM FOR RELIEF
### New York State Human Rights Law,
### N.Y. Exec. Law §§ 290 *et seq.* – Retaliation

33.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

34.     In violation of the NYSHRL, Defendants retaliated against Plaintiff for his complaints of sexual harassment.

35.     Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

36.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for lost wages and emotional distress; punitive damages; post-judgment interest; attorneys' fees and costs; and such other legal and equitable relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### New York City Human Rights Law,
### N.Y.C. Admin. Code §§ 8-101 *et seq.* – Retaliation

37.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

38. In violation of the NYCHRL, Defendants retaliated against Plaintiff for his complaints of sexual harassment.

39. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

40. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for lost wages and emotional distress; punitive damages; post-judgment interest; attorneys' fees and costs; and such other legal and equitable relief as the Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### New York Labor Law § 740 – Retaliation)

41. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

42. In violation of Section 740 of the New York Labor Law, Defendant intentionally and willfully retaliated against Plaintiff because he complained about and took actions to redress violations of law and creating a substantial and specific danger to the public health or safety.

43. Defendant's conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected rights.

44. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for lost wages and emotional distress; punitive damages; post-judgment interest; attorneys' fees and costs; and such other legal and equitable relief as the Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including, back pay, front pay, compensatory damages, emotional distress damages, liquidated damages, and punitive damages, to be paid by Defendants;

B. Penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
February 10, 2021

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10279
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Plaintiff*

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.