UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BRYCE MOTTRAM,

                                   Plaintiff,

             -against-

SCHMITT INDUSTRIES, INC. d/b/a
AMPLE HILLS CREAMERY and
MICHAEL ZAPATA,

                                   Defendants.

**CIVIL CASE MANAGEMENT PLAN**

Civ. No.: 21-CV-00717 (BMC)

**COGAN**, District Judge

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Federal Rules of Civil Procedure 16 and 26(f).

**A.**    The case is to be tried to a jury. However, Plaintiff is not entitled to a jury trial for his Third Claim for Relief brought pursuant to Section 740 of the New York Labor Law ("NYLL § 740"). *See, e.g. Pal v. New York Univ.*, 583 Fed. Appx. 7, 10 (2d Cir. 2014); *Scaduto v. Rest. Ass'n. Indus., Inc.*, 180 A.D.2d 458, 459 (1st Dep't 1991) (denying jury trial on claim brought pursuant to NYLL§ 740).

**B.**    Non-Expert Discovery:[1]

    1.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York. All non-expert discovery is to be completed by **June 23, 2021**, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can meet the discovery completion date.

          The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

    2.    Joinder of additional parties must be accomplished by **April 26, 2021**.

    3.    Amended pleadings may be filed without leave of the Court until **April 26, 2021**.

---

[1] Defendants are basing this draft schedule on Plaintiff's counsel's representation that Plaintiff is not relying upon evidence from medical providers to support his claims for alleged emotional distress and compensatory damages and does not anticipate expert discovery.

**C.** For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

**D.** Motions:

1. Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs.

2. The last day for filing a letter, pursuant to Rule III.A.2 of the Court's Individual Practices, requesting a pre-motion conference in order to file dispositive motions shall be **June 30, 2021.**

   a. There shall be no cross-motions. Any motions not made by the agreed date shall, unless the Court orders otherwise, not be considered until after the timely-filed motion is determined.

   b. Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Practices.

**E.** Any request for relief from a date provided in this Case Management Plan shall conform to the Court's Individual Practices and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

**F.** Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Court's Individual Rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
       March 25, 2021

## ATTACHMENT A

**The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:**

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| 1. Initial Disclosures | March 22, 2021 |
| 2. Document Exchange. | Requests: March 22, 2021<br>Responses and Objections: April 29, 2021 |
| 3. Interrogatories. | Requests: March 22, 2021<br>Responses and Objections: April 29, 2021 |
| 4. Depositions:<br><br>• Defendants anticipate three depositions.<br>• Plaintiff anticipates five depositions. | June 23, 2021. |

## ATTACHMENT B

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

1. **PLAINTIFF'S CLAIMS:**

    Plaintiff seeks backpay, front-pay, emotional distress damages, punitive damages, attorneys' fees and costs.

    Plaintiff's salary when he worked for Defendants was $60,000 and he was informed he was to receive a raise of between $65,000 and $70,000. The full scope of the lost wages will be determinable at trial depending on the results of Plaintiff's mitigation efforts. Plaintiff currently estimates his emotional distress damages at $30,000. Punitive damages, attorneys' fees and costs will be determinable at trial.

2. **COUNTERCLAIMS AND CROSS-CLAIMS:**  N/A

3. **THIRD-PARTY CLAIMS:**  N/A